

FILED

Jul 27 2026, 9:10 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



## IN THE

# Court of Appeals of Indiana

Todd Rokita, Indiana Attorney General,

*Appellant-Petitioner*

v.

Berry Global Group, Inc., and Haitian Center of Evansville,

*Appellees-Respondents*

---

July 27, 2026

Court of Appeals Case No.
25A-MI-2817

Appeal from the Vanderburgh Superior Court

The Honorable Robert J. Pigman, Judge

Trial Court Cause No.
82D03-2504-MI-2439

---

**Opinion by Judge Vaidik**
Judges Altice and Foley concur.

**Vaidik, Judge.**

# Case Summary

[1] Indiana Code section 4-6-3-3 authorizes our attorney general to issue an "investigative demand"—commonly referred to as a "civil investigative demand," or "CID"—if the attorney general has reasonable cause to believe that the recipient "may be in possession, custody, or control of documentary material, or may have knowledge of a fact that is relevant to an investigation conducted to determine if a person is or has been engaged in a violation of" a statute enforced by the attorney general. Attorney General Todd Rokita ("the Attorney General") issued CIDs to Berry Global Group, Inc., and the Haitian Center of Evansville, referencing "an investigation being conducted concerning human labor trafficking and indecent nuisances."[1] But the CIDs didn't identify a specific suspected perpetrator, victim, or incident being investigated. Berry Global and the Haitian Center, believing the CIDs were improper, declined to respond. The Attorney General filed petitions to enforce the CIDs, but he again failed to identify a specific suspected perpetrator, victim, or incident being investigated. The trial court denied the petitions, and the Attorney General appeals.

---

[1] A place where human trafficking is conducted or permitted is considered an "indecent nuisance" under Indiana law. Ind. Code § 32-30-7-1.

We affirm. Section 4-6-3-3 authorizes the issuance of a CID only if an "investigation" is being conducted. For an investigation to exist, there must be a factual predicate—an articulable reason to suspect that particular wrongdoing may be afoot. A mere hunch will not suffice. Here, the Attorney General has not shown that he has information of any sort, such as a complaint or tip, about a specific potential statutory violation. At most, he is searching for something to investigate. Therefore, the CIDs issued to Berry Global and the Haitian Center were unauthorized, invalid, and unenforceable.

## Facts and Procedural History

In November 2024, the Attorney General issued a CID to Berry Global, an Evansville manufacturing company. The CID stated that the Attorney General "has reasonable cause to believe that you may be in possession, custody, or control of documentary materials or may have knowledge of facts that are relevant to an investigation being conducted concerning human labor trafficking and indecent nuisances." Appellant's App. Vol. 2 p. 25. The CID said nothing else about the target, nature, or origin of the purported investigation, but it directed Berry Global to respond to dozens of interrogatories and requests for production relating to Berry Global's hiring and employment of "Migrant" workers. *Id.* at 25-38.

Three weeks later, the Attorney General issued a substantially similar CID to the Haitian Center, a nonprofit organization that provides services to Evansville's Haitian population. The CID directed the Haitian Center to

respond to dozens of interrogatories and requests for production relating to those services.

[5] Believing the CIDs to be improper, Berry Global and the Haitian Center declined to respond. The Attorney General then petitioned to enforce the CIDs. The petitions stated generally that (1) the arrival of migrants into Indiana, including Evansville, has "increased substantially" in recent years, (2) "[r]efugees and migrants are among the populations most vulnerable to human trafficking and forced labor," and (3) "[t]he Attorney General is committed to combatting human trafficking in Indiana and ensuring that newly arrived migrants are not the victims of human trafficking, labor trafficking, or other forms of forced labor." *Id.* at 17-20, 102-107. But the petitions, like the CIDs themselves, identified no specific suspected perpetrator, victim, or incident being investigated. Nonetheless, the Attorney General claimed that he has reasonable cause to believe that Berry Global and the Haitian Center "may be in possession of information relevant to an investigation of indecent nuisance and labor trafficking" because Berry Global is "a large, sophisticated employer that actively recruits refugees and migrants and works with various migrant resettlement nonprofits to do so" and the Haitian Center is "an organization that aids Haitian immigrants and refugees and collaborates with various migrant resettlement nonprofits." *Id.* at 21, 108.

[6] The cases were eventually consolidated, and the trial court heard oral argument. Counsel for the Attorney General described the origins of the purported investigation as follows:

> [T]he genesis of the Attorney General's investigation of labor trafficking in Evansville stems from the recent, over the past three (3) or four (4) years, dramatic increase in the arrival of new migrants into the Evansville area. And in particular, migrants who are arriving in the Evansville area in search of employment opportunities and who, because of the circumstances in which they arrive in Evansville, and because they are seeking employment opportunities, are often uniquely vulnerable to exploitation by labor traffickers or other criminal elements who might seek to press them or coerce them into forced labor arrangements.

Tr. p. 7. Later, the court asked, "Is there a specific allegation or event, criminal event, that you're concerned with?" *Id.* at 30. Counsel responded, "We have not identified, and we're not prepared to identify, a specific suspect who's engaged in a specific act of human trafficking." *Id.*

[7] Following the oral argument, the trial court denied the Attorney General's petitions. The court "presume[d] that the Attorney General's request for the information [] sought is based on a legitimate concern for what all parties agree is a serious criminal offense, that is labor trafficking." Appellant's App. Vol. 2 p. 224. The court concluded, however, that the Attorney General didn't establish reasonable cause to believe Berry Global and the Haitian Center have information relevant to this concern.

[8] The Attorney General now appeals.

## Discussion and Decision

[9] The Attorney General contends that the trial court erred by denying his petitions to enforce the CIDs. Because no witnesses testified, the trial court's decision was based on a paper record and the arguments of counsel. Therefore, our review is de novo. *See In re Adoption of C.B.M.*, 992 N.E.2d 687, 691 (Ind. 2013); *Trinity Homes, LLC v. Fang*, 848 N.E.2d 1065, 1068 (Ind. 2006).

[10] Indiana Code section 4-6-3-3(a) establishes and limits the Attorney General's authority to issue CIDs:

> If the attorney general has reasonable cause to believe that a person may be in possession, custody, or control of documentary material, or may have knowledge of a fact that is relevant to an investigation conducted to determine if a person is or has been engaged in a violation of IC 4-6-9, IC 4-6-10, IC 13-14-10, IC 13-14-12, IC 13-24-2, IC 13-30-4, IC 13-30-5, IC 13-30-8, IC 16-21-15, IC 23-7-8, IC 24-1-2, IC 24-5-0.5, IC 24-5-7, IC 24-5-8, IC 25-1-7, IC 27-1-37-8, IC 32-34-1.5, IC 37-5, or any other statute enforced by the attorney general or is or has been engaged in a criminal violation of IC 13, only the attorney general may issue in writing, and cause to be served upon the person or the person's representative or agent, an investigative demand that requires that the person served do any combination of the following:
>
> > (1) Produce the documentary material for inspection and copying or reproduction.
>
> > (2) Answer under oath and in writing written interrogatories.

(3) Appear and testify under oath before the attorney general or the attorney general's duly authorized representative.

Here, the CIDs invoked Indiana Code chapter 32-30-7 and Indiana Code section 35-42-3.5-1, statutes that, when read together, grant the Attorney General enforcement authority relating to labor trafficking.

[11] Where the recipient of a CID objects or otherwise fails to respond, the Attorney General may bring an action to enforce the CID. Ind. Code § 4-6-3-6(a). In such an action, the Attorney General has the burden to "demonstrate to the court that the demand is proper." *Id.* Our Supreme Court has interpreted this requirement to mean that the Attorney General must establish that (1) "there is an investigation" and (2) "there are reasonable grounds to believe that the person to whom the CID is directed has information relevant to that investigation." *Nu-Sash of Indianapolis, Inc. v. Carter*, 887 N.E.2d 92, 96 (Ind. 2008). This burden is "a small one," but it is important because it "affords all citizens some protection against 'fishing expeditions' or retaliatory or abusive CIDs that are unrelated to legitimate investigations, and imposes a mild deterrent to arbitrary use of government authority." *Id.*

[12] The trial court found that the Attorney General failed to establish reasonable cause to believe Berry Global and the Haitian Center have relevant information about labor trafficking. But there is a more fundamental problem: the Attorney General did not show that he is conducting an investigation. An investigation would entail the Attorney General inquiring into a complaint, tip, lead, report,

or some other specific allegation or fact indicating that a discrete statutory violation has been or might have been committed by a particular perpetrator and/or against a particular victim. *See Nu-Sash*, 887 N.E.2d at 94 (the Attorney General issued a CID because consumer complaints indicated that a home-improvement company might be violating the Home Improvement Contracts Act); *Everdry Mktg. & Mgmt., Inc. v. Carter*, 885 N.E.2d 6 (Ind. Ct. App. 2008) (the Attorney General issued a CID because consumer complaints indicated that two home-improvement companies might be violating the Deceptive Consumer Sales Act); *Auto-Owners Ins. v. State*, 692 N.E.2d 935 (Ind. Ct. App. 1998) (the Attorney General issued a CID because a consumer complaint indicated that an insurance company might be violating the Deceptive Consumer Sales Act and the Salvage Motor Vehicles Act).

[13] In other words, for an investigation to exist, there must be a factual predicate, i.e., something concrete to investigate. And Section 4-6-3-3 fixes the sequence the Attorney General must follow. He must first possess that factual predicate—like a complaint, a tip, or documentation of an incident—and only then may he issue CIDs to those reasonably believed to have relevant information. What he cannot do is invert that sequence: select a person or company for reasons unrelated to any suspected violation, and then use the CID power to search for evidence of a violation that might justify having selected them in the first place. The former is an investigation. The latter is an attempt to reverse-engineer suspicion to fit a predetermined target—and it is precisely the kind of exercise

the "investigation" requirement exists to prevent. The factual predicate leads to a CID, not the other way around.

[14] As noted by Berry Global, the Haitian Center, and the diverse group of organizations that filed amicus briefs in their support, adopting the Attorney General's expansive view of the CID statutes would create serious legal and practical concerns. Allowing the Attorney General to issue CIDs with no factual predicate would implicate the federal and state constitutional rights to (1) freedom of speech and freedom of association, if CIDs are issued in retaliation for the exercise of those rights, and (2) freedom from unreasonable searches and seizures. *See* Berry Global Br. pp. 31-32, 48-50; Haitian Center Br. pp. 26-28, 37-38; Brief of Amicus Curiae ACLU of Indiana pp. 5-15; Brief of Amicus Curiae National Immigrant Justice Center pp. 20-23. It would also open the door to significant burdens on Hoosier businesses and the broader Indiana economy. *See* Berry Global Br. pp. 34, 36; Brief of Amici Curiae National Association of Manufacturers and Indiana Manufacturers Association pp. 14-17; Brief of Amici Curiae Indiana Chamber of Commerce and Defense Trial Counsel of Indiana pp. 9-20.

[15] Here, the Attorney General has never identified—in the CIDs, in his petitions to enforce, at oral argument before the trial court, or in his appellate briefs—any particularized information in his possession that could give rise to a labor-trafficking investigation. He has never even alleged that such information

exists.[2] The record makes clear that the Attorney General is at most trawling for evidence of wrongdoing—looking for information that might eventually trigger an investigation, based on his alleged concern that someone, somewhere might be involved in labor trafficking.[3]

In sum, the Attorney General hasn't shown that he has anything to investigate. With nothing to investigate, there can be no investigation. And with no investigation, the Attorney General has no authority to issue CIDs. Therefore, the CIDs issued to Berry Global and the Haitian Center were improper, and we affirm the denial of the Attorney General's petitions to enforce them.

Affirmed.

Altice, J., and Foley, J., concur.

---

[2] In the trial court, the Attorney General argued that requiring him to disclose the information that prompted an investigation "could easily compromise an investigation or violate confidentiality requirements." Appellant's App. Vol. 2 p. 149. He doesn't renew that argument on appeal, for good reason. First, he apparently doesn't have any such information to disclose in this case. Second, as Berry Global and the Haitian Center note, concerns about the secrecy of an investigation can be addressed by having the trial court conduct an in-camera review of whatever information the Attorney General possesses.

[3] Berry Global and the Haitian Center assert that the Attorney General's true concern is illegal immigration, not labor trafficking. They point to the specific information sought in the CIDs and a press release the Attorney General issued the same month he issued the CIDs. *See* Press Release, *Amid health and safety concerns, Attorney General Todd Rokita investigates potential labor trafficking networks in local communities* (Nov. 8, 2024) (available at https://www.in.gov/attorneygeneral/newsroom/ [https://perma.cc/7EY4-78SX]) (referencing "[i]llegal immigration caused by 'border czar' Kamala Harris' perversion and misapplication of federal law"). We need not address that argument, because even assuming the Attorney General is concerned about labor trafficking in a broad sense, that abstract concern does not alone justify the issuance of CIDs.

ATTORNEYS FOR APPELLANT

Theodore E. Rokita
Attorney General

James A. Barta
Solicitor General

Blake E. Lanning
Assistant Chief Deputy

David R. Whitson
Lauren R. LaBaumbard
Deputy Attorneys General
Indianapolis, Indiana


ATTORNEYS FOR APPELLEE
BERRY GLOBAL GROUP, INC.

Kian J. Hudson
Amanda Jane Gallagher
Barnes & Thornburg LLP
Indianapolis, Indiana


ATTORNEYS FOR APPELLEE
HAITIAN CENTER OF EVANSVILLE

Patrick A. Shoulders
John D. Langmaid, IV
Ziemer, Stayman, Weitzel & Shoulders, LLP
Evansville, Indiana


ATTORNEY FOR AMICUS CURIAE
ACLU OF INDIANA

Stevie J. Pactor
ACLU of Indiana
Indianapolis, Indiana


ATTORNEY FOR AMICI CURIAE
NATIONAL ASSOCIATION OF MANUFACTURERS AND INDIANA
MANUFACTURERS ASSOCIATION

Jonathan L. Mayes
Bose McKinney & Evans LLP
Indianapolis, Indiana

ATTORNEYS FOR AMICI CURIAE
INDIANA CHAMBER OF COMMERCE AND DEFENSE TRIAL COUNSEL OF
INDIANA

Adam H. Berry
Indiana Chamber of Commerce
Indianapolis, Indiana

Lucy R. Dollens
Quarles & Brady LLP
Indianapolis, Indiana


ATTORNEYS FOR AMICUS CURIAE
NATIONAL IMMIGRANT JUSTICE CENTER

Maggie L. Smith
FBT Gibbons
Indianapolis, Indiana